**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BEAU LEE DUBOIS                                                                                           PETITIONER
ADC # 153331,

v.                                              4:13CV00503-BSM-JJV

C. WILLIAMS, Records Officer,
Wrightsville Unit, ADC; and GRANT
HARRIS, Director of Records, ADOC                                                      RESPONDENTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following partial recommended disposition has been sent to United States Chief District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, Beau Lee DuBois, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 8.) He seeks to be properly credited for ninety-three (93) days of jail credit and twenty (20) days of good time credit. He seeks to have the days applied in a manner that would give him the earliest opportunity for release. (*Id.* at 6-7; Doc. No. 12 at 2.)

## I. ANALYSIS

Respondents seek dismissal of the Petition because Mr. DuBois has not first exhausted his state remedies. (Doc. No. 11.) They also provide documentary support to show the Arkansas Department of Correction (ADC) has applied the days to his sentence. (Doc. No.

11-1 at 2, 4.) In other words, Respondents argue the ADC has correctly calculated Petitioner's sentence.

Before turning to the merits of the claim, the Court must initially consider whether Mr. DuBois has exhausted the remedies available to him in state court. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). The exhaustion requirement is necessary to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224.

After a review of the pleadings and supporting documents, the Court concludes Mr. DuBois has failed to exhaust his state court remedies because he has not brought a request for declaratory judgment and writ of mandamus raising the issue which he now presses in his habeas Petition. Mr. DuBois claims the state has improperly calculated his sentence. He contends that proper calculation would result in his immediate release. This claim appears to be cognizable in state court. For example, a request for declaratory relief or a writ of mandamus are procedures used to challenge the execution and computation of a sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this

3

procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). Moreover, while Respondent's documentary evidence appears to clearly show that the requested days have been applied to Mr. DuBois's sentence, the state court is in the best position to review his claim to see if these days have been applied in the correct sequence, as Mr. DuBois suggests.

As a result, the Court concludes Petitioner must first exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) and (c). Accordingly, Mr. DuBois's Petition should be dismissed without prejudice to allow the Petitioner to pursue relief in state court.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Petitioner has made a substantial showing of a denial of a constitutional right. Thus, a certificate of appealability should be denied.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

2. A certificate of appealability should be denied.

IT IS SO RECOMMENDED this 1st day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE